# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO GALVAN | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| M & K EQUIPMENT SERVICES LLC | ) |
| and PATIBANDLA MADHU K | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Antonio Galvan, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against M & K Equipment Services LLC and Patinbandla Madhu K (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"),and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff his earned wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

## THE PARTIES

4. Plaintiff Antonio Galvan resides and is domiciled in this judicial district.

5. Plaintiff Antonio Galvan was employed by Defendants in this judicial district within the past three years.

6. During the course of his employment, Plaintiff Antonio Galvan handled goods that moved in interstate commerce, including but not limited to cement.

6. Defendant M & K Equipment Services LLC (hereinafter "M & K") is an Illinois limited liability corporation doing business within this judicial district. Defendant M & K is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. Defendant M & K was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

8. Defendant Patinbandla Madhu K is the sole member of M & K and is involved in the day-to-day business operations of the corporation. Among other things, Defendant Patinbandla Madhu K has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

9. Defendant Patinbandla Madhu K was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS, 115/2.

10. Upon information and belief, Defendant Patinbandla Madhu K resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendants for approximately a year.

12. Plaintiff and Defendants agreed that in lieu of getting paid for his work, Plaintiff would pay Defendants for a Ford F150 truck Plaintiff had selected.

13. Plaintiff purchased insurance on the truck, but Defendant M & K held title.

14. Plaintiff worked for Defendants believing that he was paying off the Ford truck.

15. Defendants did not make payments on the truck and the truck was repossessed.

16. Plaintiff lost access to the Ford truck he believed he was paying and Defendants did not pay him the wages it had claimed it had applied as payment for the truck.

17. There were also pay periods where Plaintiff was paid via check but the check was returned due to insufficient funds in Defendant M & K's checking account.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages

18. Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19. This Count arises from Defendants violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

20. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiff for work performed.

21. Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

22. Defendants willfully violated the FLSA by not paying Plaintiff the wages owed at

the agreed rate.

23. Additionally, Defendants willfully violated the FLSA by refusing to pay Plaintiff for all hours he worked.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid wages for all hours that Plaintiff worked at the rate agreed to by the parties;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law

24. Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

26. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff the state-mandated minimum wage for all time he worked.

27. During the course of his employment with Defendants, Plaintiff was compensated below the Illinois minimum wage rate.

28. Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

29. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

30. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all wages not paid at the agreed upon rate as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Failure to Pay Wages

31. Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. This count arises from Defendants' violation of the IWPCA.

33. Defendants failed and refused to pay Plaintiff his earned wages for worked he performed at the rate agreed to by the parties.

34. Defendants' failure to make payments on the Ford Truck and not pay Plaintiff wages equates to him not being compensated for work performed.

35. Defendants' failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all wages not paid at the agreed upon rate as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

  D. Such other and further relief as this Court deems appropriate and just.

              Respectfully submitted,

Dated: September 8, 2022     **ANTONIO GALVAN**


           By: _/s/Carlos G. Becerra_
            Attorney for Plaintiff


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: Augucbecerra@becerralawgroup.com